UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBORAH LAUFER,

    Plaintiff,

vs.

HARVEST ADVERTISING AGENCY, INC.,

    Defendant.

Civil No.: 1:20-cv-01531-ABJ

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING

Defendant, Harvest Adverting Agency, Inc., by and through undersigned counsel, moves to dismiss the Complaint filed by Plaintiff, Deborah Laufer, because Plaintiff lacks standing to pursue this lawsuit against this Defendant and, therefore, this Court lacks jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1).

Plaintiff is a serial plaintiff who, according to an article by the law firm of Seyfarth Shaw, LLP, has filed over 250 similar lawsuits since May of 2019. (Exhibit 1.) In a different article, from April 21, 2020, the firm of Barclay Damon said, among other things:

> Deborah Laufer has now filed over 200 federal lawsuits in New York, Florida, Georgia, Massachusetts, and Connecticut against hotels, motels, and other places of lodging since October 2019. The lawsuits allege that the online reservation system for each property-whether directly operated by the defendant or indirectly operated through third-party websites (e.g., Expedia, Orbits, Hotels.com)-is inaccessible to Laufer and otherwise fails to provide certain information concerning accessible features of the property in violation of, among other laws, the Americans With Disabilities Act (ADA).

(Exhibit 2.)

Indeed, Plaintiff recently filed four other substantially identical lawsuits in this Court: *Deborah Laufer v. Jetset Hospitality, LLC,* 1:20-cv-1192 (EGS); *Deborah Laufer v. Georgetown*

1

*Mews Assoc. L.P.*, 1:20-cv-1193 (RCL); *Deborah Laufer v. Georgetown Washington DC Inn LLC,* 1:20-cv-1194(RCL); *Deborah Laufer v. 29th & K Assoc.*, 1:20-cv-1508 (KBJ).

Plaintiff is a resident of Florida.  Complaint, ¶1.  The Complaint in this case was filed on or about June 10, 2020.  The pandemic associated with the Coronavirus has been raging for several months, with many businesses shuttered, and travel has been significantly reduced.  The Complaint in this case does not contain a single allegation that Plaintiff desires or intends to visit or book accommodations at the Windsor Park Hotel named in her lawsuit, that she is even interested in doing so, or that she is even interested in visiting the greater District of Columbia area.  Plaintiff has not, and indeed cannot, allege that any shortcomings in the websites that she describes resulted in any loss or injury to her.  Therefore, Plaintiff has no standing to pursue this lawsuit, and the Complaint must be dismissed.

The United States Court of Appeals for the Fourth Circuit concluded in a case that is factually similar to this case that a plaintiff suing for ADA violations related to credit union websites lacks standing to sue absent a demonstration of sustaining actual damages.  In *Griffin v. Department of Labor Federal Credit Union,* 912 F.3d 649 (4th Cir. 2019), the Circuit Court upheld the lower court's decision dismissing the suit for lack of standing.  The Fourth Circuit held:

> An injury in fact is an indispensable aspect of constitutional standing; no "Case" or "Controvers[y]" exists without injury. It is "[f]irst and foremost" of the three requirements of constitutional standing. *Spokeo,* 136 S.Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ) (describing the other two requirements as causation and redressability). A wrong suffered by a party is only an injury in fact if it is sufficiently "concrete and particularized."  Id. at 1545 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ) (emphasis in original). These are separate criteria which must both be satisfied.  *Id.* And when a party seeks injunctive relief, as Griffin does, there is the additional requirement of a "real or immediate threat"

that the party will suffer an injury in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

The United States District Court for the Northern District of New York recently considered this very question in a case that this same Plaintiff, Deborah Laufer, filed in that court. In *Laufer v. Laxmi & Sons*, 2020 WL 2200207, 1:19-cv-01501 (BKS/ML) (May 6, 2020) (copy attached), the Court *sua sponte* examined the issue of whether Laufer had standing to proceed. In its examination, the Northern District of New York said, among other things:

> "Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.' To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit.' " *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (quoting *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92 (2d Cir. 2018)). To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element."

\* \* \*

> To have standing to seek injunctive relief Plaintiff has the burden of establishing that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged ... conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (internal quotation marks and citation omitted); see *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) ("Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.' ") (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).

\* \* \*

> There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York. Plaintiff alleges that she is a "tester" for the ADA. (Dkt. No. 1, ¶ 2). However, her status as a "tester" does not appear to be sufficient to establish subject matter jurisdiction in this action. See *Greenwich Hosp.*, 536 F. App'x at 155

3

> (finding the plaintiff's "assertion that he visits public accommodations as an ADA 'tester' " failed to establish standing as it lacked "the requisite link to Stamford, Connecticut"—the location of the defendant's Hampton Inn); see also *Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services").
>
> * * *
>
> In light of all of the above, the Court questions whether the Plaintiff has established standing . . ..

*Id.*

The Court ordered Laufer to file a memorandum supporting any contention that she had standing to press her claims. It appears that a memorandum was filed on or about May 28, 2020, but no further rulings from the Court appear on Pacer.

In a substantially similar case filed by Laufer, the Northern District of New York said, "There appears to be a serious question as to whether Plaintiff has established standing, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Laufer v. 1110 Western Albany*, LLC, 2020 WL 2309083, 1:19-cv-01324 (BKS/ML) (May 8, 2020) (copy attached). The Court also ordered Laufer to submit a memorandum in that case explaining why she had standing. Pacer reflects that that case was voluntarily dismissed, apparently following a settlement, without the filing of any such memorandum.

The pronouncements of these United States courts apply directly to the claims advanced by Plaintiff in this instant lawsuit. Nothing in the Complaint even hints that Plaintiff has sustained any injury in connection with the websites in question. Indeed, given that she has apparently filed 250 similar lawsuits, including five in this Court alone, it is manifest that Plaintiff has no intention of visiting the Windsor Park Hotel named in the Complaint and that she cannot, therefore, sustain any injury related to the Hotel's website.

5

      For all of these reasons, the Complaint must be dismissed for lack of standing and lack of jurisdiction.

                              Respectfully submitted,

                              BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

                By:            /s/ Geoffrey T. Hervey
                              Geoffrey T. Hervey (DC Bar No. 415907
                              7315 Wisconsin Avenue
                              Suite 800 West
                              Bethesda, Maryland 20814
                              (301) 656-2707- telephone
                              (301) 961-6525- facsimile
                              Email: ghervey@bregmanlaw.com
                              *Counsel for Defendant*